# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7161 | **DATE** | 5/14/2004 |
| **CASE TITLE** | David Ouzounian vs. Michael Sheahan, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motions to Dismmiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the attached memorandum opinion and order, defendants' motion to dismiss [18-1] is denied. Plaintiff has leave to file an amended complaint within 30 days of the date of this order remedying certain deficiencies in his original complaint. If no amendment is filed within that time, the court will enter an order dismissing Counts I and II for failure to state a claim and Count III for lack of jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 19 2004 | |
| | Notified counsel by telephone. | date docketed | |
| X | Docketing to mail notices. | GMA | 21 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| RJ/KB | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**MAY 1 9 2004**

David Ouzounian, )
)
         Plaintiff, )
) Case No. 02 C 7161
  v. )
) Honorable Joan B. Gottschall
Sheriff Michael Sheahan, Individually and )
officially, Inspector General Joseph )
Shaughnessy, Investigator Thomas Swaine, )
Investigator Rodney Pavilionis and Nick )
Andrews, Individually, )
)
         Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff David Ouzounian brings this action under 42 U.S.C. § 1983 and Illinois state law against Cook County Sheriff Michael Sheahan, Inspector General Joseph Shaughnessy, Investigators Thomas Swaine and Rodney Pavilionis, and an individual citizen named Nick Andrews, alleging that they violated his constitutional and state rights by arresting and indicting him on false charges of attempting to solicit a bribe and suspending him from his position as a Deputy Cook County Sheriff without due process. Specifically, Count I charges Shaughnessy, Swaine, and Pavilionis with false arrest under § 1983, Count II charges Sheahan with a due process violation under § 1983, and Count III charges Swaine, Pavilionis and Andrews with malicious prosecution under Illinois law. Now before the court are Sheahan's, Shaughnessy's,

Swaine's, and Pavilionis's motions to dismiss the charges against them pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, defendants' motion to dismiss is denied.

## I. BACKGROUND

Ouzounian's first amended complaint alleges the following facts which are assumed to be true for the purpose of this motion. *Frederick v. Simmons Airlines, Inc.*, 144 F.3d 500, 502 (7th Cir. 1998). In August of 1999 a levy was held at a restaurant located at 1330 W. Madison in Chicago, Illinois, and the Cook County Sheriff's Department took control of the premises, including all its equipment. At this time defendant Nick Andrews, the owner of the property, demanded return of the keys so he could retake possession of the property. Ouzounian, who was then a Deputy of Cook County for the Department of Revenue, explained to Andrews that his property had been lawfully seized by the Sheriff's department. Notices were subsequently posted at the building giving public notice of the levy and the scheduled public sale.

On August 23, 1999, the Department of Revenue conducted an auction of the property and an individual named John Ress placed the winning bid. On September 3, 1999, Ress contacted Ouzounian and said he had just driven past the restaurant and observed Andrews, accompanied by Chicago Police officers, breaking into the property. Ouzounian then called Andrews and spoke with a Chicago Police Lieutenant who said he had been ordered by his Commander to protect Andrews while he changed the locks on the building. Ouzounian informed the Lieutenant and Andrews that the property

had been seized by the Cook County Sheriff's Department and if they did not leave they would be arrested for criminal trespass.

After contacting his supervisors, Ouzounian was ordered to the scene to secure the property. Upon arriving at the restaurant, Ouzounian discovered that the locks had been changed. Ouzounian again contacted Andrews and ordered him to turn over the new keys to the restaurant. When Andrews refused, Ouzounian filed criminal charges against him. It is at this time that Ouzounian learned, through unnamed sources, that Andrews had powerful "political connections." These political connections supposedly included ties to the Inspector General's Office where defendants Shaughnessy, Swaine, and Pavilionis allegedly conspired to aid Andrews and thwart Ouzounian's efforts to regain possession of Andrews' property on behalf of the Cook County Sheriff's office.

In an apparent act of retaliation against Ouzounian, Andrews made allegations and pursued a charge that Ouzounian attempted to solicit a bribe. Defendants at the Inspector General's Office allegedly failed to meaningfully investigate this charge, and instead conspired with Andrews to prosecute a criminal charge against Ouzounian that defendants Shaughnessy, Swaine, and Pavilionis knew was false. On October 4, 2000, the criminal allegations of the Inspector General's office and the actions of Andrews resulted in Ouzounian being "indicted and charged/arraigned" for attempting to solicit a bribe.

As a result of the charges filed against Ouzounian, Sheriff Sheahan suspended him from his deputy position without pay. Ouzounian never received a pre-suspension hearing and it is unclear from the amended complaint whether any post-suspension

hearing occurred. Ouzounian's suspension lasted for approximately one year. After Ouzounian was found not guilty of attempting to solicit a bribe he filed charges against defendants in this court.

## II. ANALYSIS

When considering a motion to dismiss under FED. R. CIV. P. 12(b)(6), the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor. *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003). The federal notice pleading standard requires only that "a complaint state the plaintiff's legal claim, . . . together with some indication . . . of time and place." *Thomson v. Washington*, No. 01-526-DRH, 2004 U.S. App. LEXIS 6086, at *4-5 (7th Cir. April 1, 2004). The purpose of the pleading is to give a defendant notice of the claims against him and the grounds upon which they rest. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). Thus, so long as a plaintiff supplies adequate notice of legal claims which, if factually supported, would entitle him to relief, his claims will not be dismissed under Rule 12(b)(6). *See Washington, supra,* at *5.

### A. *Count I – § 1983 False Arrest*

A valid claim under § 1983 requires Ouzounian to allege that a person acting under color of state law deprived him of a federal right. *See Ienco v. City of Chicago*, 286 F.3d 994, 997-98 (7th Cir. 2002). That defendants Sheahan, Shaughnessy, Swaine,

and Pavilionis were acting under color of state law at all relevant times is not in dispute. With respect to the second element, Ouzounian claims that defendants' "actions of having him charged and arrested violated [his] constitutional rights as protected under 42 U.S.C. § 1982 [sic]." A false arrest made without probable cause is actionable under § 1983, but "malicious prosecution is not tenable as an independent constitutional theory." *Newsome v. McCabe*, 256 F.3d 747, 753 (7th Cir. 2001). The difference between the two is that a false arrest claim asserts a violation of the fourth amendment's right to be free from unreasonable seizure while a malicious prosecution claim asserts a violation of due process under the fifth and fourteenth amendments. Since due process is satisfied by the opportunity to pursue a claim in state court, *Albright v. Oliver*, 510 U.S. 266 (1994), "the existence of a state-law tort remedy 'knocks out' any constitutional tort under due process for the same conduct." *McCullah v. Gadert*, 344 F.3d 655, 659-60 (7th Cir. 2003). Thus, a plaintiff who seeks relief for false arrest under § 1983 must make clear in his complaint that the arrest itself was executed without probable cause and that his § 1983 action does not rely on allegations of wrongful conduct occurring after the arrest.

From the face of Ouzounian's complaint it is impossible to determine whether he was arrested without probable cause, and therefore impossible to determine whether he has stated a valid claim for false arrest under § 1983. The only facts available to the court are Ouzounian's assertion that he was "charged and arrested" in violation of his constitutional rights. If by this Ouzounian means that he was first charged and then arrested, his § 1983 claim must be dismissed because he admits that

-5-

his arrest was made pursuant to legal process (assuming that being "charged" means having a warrant or indictment returned against him). *See Gauger v. Hendle*, 349 F.3d 354, 361 (7th Cir. 2003) ("A warrant is legal process, and so a complaint about conduct pursuant to it is a challenge to legal process and thus resembles malicious prosecution."). But if instead Ouzounian means that his arrest occurred first, prior to his being charged, there could exist at least the possibility that the arrest occurred without probable cause.

Liberal as they are, federal notice pleading standards still require a plaintiff to plead "the bare minimum facts necessary to put the defendant[s] on notice of the claim so that [they] can file an answer." *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002). Here, Ouzounian has pleaded facts that are insufficient to inform the court or defendants of the circumstances of his false arrest claim. But since his complaint contains enough to suggest that there might exist a set of facts which, if proven, would entitle him to relief, the court gives Ouzounian 30 days from the date of this order to amend his complaint accordingly.

B. *Count II – §1983 Due Process*

Ouzounian claims that his year-long suspension from the Cook County Sheriff's Office without pay violated his constitutional right to due process because it occurred with "no evidence presented at any hearing" and despite "having no legitimate hearing." To state a colorable due process claim under § 1983 a plaintiff must plead: (1) the existence of a cognizable property interest, (2) deprivation of that interest, and (3) a denial of due process. *Licari v. City of Chicago*, 298 F.3d 664, 668 (7th Cir. 2002).

The first two elements are satisfied easily in this case. First, in light of applicable federal and Illinois law, Ouzounian has a constitutionally protected property interest in his continued paid employment as a sheriff's deputy. *Gilbert v. Homar*, 520 U.S. 924, 928 (1997) ("The protections of the Due Process Clause apply to government deprivation of those prerequisites of government employment in which the employee has a constitutionally protected 'property' interest."); *Lalvani v. Cook County, Ill.*, 269 F.3d 785, 791 (7th Cir. 2001) ("[A] claim of entitlement is typically rooted in statutory or contractual language indicating that the employee cannot be terminated but for cause."); 55 ILCS 5/3-7012 ("no deputy sheriff in the County Police Department . . . shall be removed, demoted, or suspended except for cause, upon written charges filed with the board by the Sheriff and a hearing before the Board"). And second, since Ouzounian has an interest in his continued employment, suspension from that employment without pay is a recognized deprivation of that interest. *Gilbert*, 520 U.S. at 929 (assuming that suspension infringed a protected property interest).

The third element gives the court pause, however, because Ouzounian's complaint is not clear on the issue of what, if any, process he received. As an initial matter, *Gilbert* instructs that due process does not require government employers to provide a pre-suspension hearing in cases like this, where an employee who occupies a highly visible position of public trust has felony charges filed against him. *Id.*, 520 U.S. at 932-34 ("[T]he purpose of any *pre-suspension* hearing [is] to assure that there are reasonable grounds to support the suspension without pay . . . [and] that has

already been assured by the arrest and the filing of charges."). While Ouzounian was not entitled to a pre-suspension hearing, "the more pressing question is whether the post-suspension process satisfied the requirements of due process." *Luellen*, 350 F.3d at 615. Under Illinois law, Ouzounian's suspension without pay was permissible for up to thirty days without providing him a hearing. *See* 55 ILCS § 5/3-7011. But once it became clear that his suspension was to endure longer than thirty days, due process required a hearing before Sheahan could continue to deprive Ouzounian of his recognized property interest.

Once again, the court cannot discern from ambiguous language in the complaint whether Ouzounian has stated a claim for relief. Ouzounian complains both that "no evidence was presented at any hearing" and that he received "no legitimate hearing." If by this Ouzounian means that he was afforded no post-suspension hearing of any kind, or that the hearing was constitutionally infirm, he perhaps has stated a claim for violation of his due process rights. However, in order to rely on this inference and validate Ouzounian's § 1983 claim, the court needs to see in the complaint "some indication ... of [the] time and place" of any hearing "together with [Ouzounian's] legal claim" that he was deprived of due process. *See Washington*, 2004 U.S. App. LEXIS 6086, at *5. The court gives Ouzounian 30 days from the date of this order to amend his complaint accordingly.

C.  *Count III – Malicious Prosecution under Illinois law*

Ouzounian complains that Swaine and Pavilionis are liable for malicious prosecution under the laws of Illinois. A claim for malicious prosecution under Illinois

-8-

law requires the plaintiff to allege: (1) that he was subject to judicial proceedings; (2) for which there was no probable cause; (3) the defendant instituted the proceedings maliciously; (4) the proceedings were terminated in the plaintiff's favor; and (5) plaintiff suffered an injury. *Sneed v. Rybicki*, 146 F.3d 478, 480-81 (7th Cir. 1998). Here, Ouzounian claims that Swaine and Pavilionis, together with Andrews, knowingly fabricated charges against him and then arrested, indicted and prosecuted him for those false charges. Ouzounian further contends that he was eventually found not guilty and that he suffered monetary and emotional injury from defendants' prosecution of false charges against him. Ouzounian's pleadings are more than sufficient to put defendants on notice of his malicious prosecution claim. However, the court will retain jurisdiction of this state law claim pursuant to 28 U.S.C. § 1367 only so long as federal claims persist. Thus, if Ouzounian fails within 30 days to file an amended complaint stating an actionable § 1983 claim in Counts I and/or II, the court will dismiss Count III for lack of jurisdiction.

## III. CONCLUSION

The court cannot determine from the face of Ouzounian's complaint whether he was arrested without probable cause or whether he was denied an adequate post-suspension hearing. Absent these crucial facts, the court cannot decide whether Counts I and II, respectively, state a claim upon which relief can be granted. The court therefore gives Ouzounian leave to file an amended complaint addressing these specific deficiencies within 30 days of the date of this order. If no amendment is filed within that time, the court will enter an order dismissing Counts I and II for failure to state a claim and Count III for lack of jurisdiction.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: May 14, 2004